Judge. Buckner,
delivered the opinion of the court.
On the 24th of October, 1816, the plaintiff and defendant in error, entered into a contract which they then reduced to writing, by articles of agreement, by which, the latter sold to the former, a lot and house in Lexington, in this State, which is described in said writing, as having been purchased by Dal-lam from John Lowman, The price agreed tp be paid was $4940, of which, $600 were paid at that time; the remainder to be paid in annual instal-ments, if, at the end of one year, Metcalfe should not *197 rescind the contract, which, by the agreement, lie had a right to do, at the expiration of that period.
On the 4th of September, 1817, they confirmed the-contract. Dallam executed an obligation to Metcalfe, binding himself, to make to him a good and sufficient deed, with general warranty, for the property sold, when the last payment should be made; and Metcalfe executed to him, seven notes, each dated at the same time, and payable as follows, to-wit:
1st, for $530, payable on the 24th of Oct. 1817. ‘
2d, for $560, payable on the 24th of Oct. 1818.
3rd, for $590, payable on the 24th of Oct. 1819.
4th, for $620, payable on the 24th of Oct. 1820.
5th, for $650, payable on the 24th of Oct. 1821.
6th, for $680, payable ,on the 24th of Oct. 1822.
7th, for $710, payable on the 24th of Oct. 1823.
In May, 1822, Metcalfe filed his bill in chancery, against the defendant in error, stating the above facts, and that he had paid off and discharged, in addition to the $600, the first, second, third, and fifth notes and $324, on the fourth note. He also alleges, that after he had made these several payments, he had discovered, that the defendant had no title to the property sold, and was unable to comply with his contract; that he Was informed andjielieved the lot aforesaid, had been conveyed, by the trustees of Lexington to John Smith; who, it appeared, had conveyed it to Amos Farra, in whom it seemed, the legal title still abided. That he had called on Farra to convey or release to him, his title, which he had refused to do. He says, that Dallam had sued him on the fourth note, and recovered judgment, and was attempting to coerce payment. He prayed for, and obtained an injunction against said judgment; and calls on the defendant, whom he alleges to be in doubtful circumstances, to set forth his title, and exhibit the evidence of it. The bill concludes with a prayer for a decree rescinding the contract; ordering Dallam to repay to him the money paid to him on said contract; and for relief generally.
The defendant answered, admitting the contract and judgment as stated. He says, that Farra, about thirty years previously, had sold and conveyed the lot mentioned, to, Myers; that he, Farra, then disclaimed title *198 to it, and was willing to release any right thereto, which might appear to be in him; that it was afterwards sold, under execution, by the sheriff of Fayette county, as the property of said Myers, and David Dodge became the purchaser, who received a conveyance for it, from the sheriff; who sold and conveyed it to John Lowman. and he to the defendant. The deed to Myers from Farra, he says had been lost, or destroyed, probably at the time the clerk’s office ■ of Fayette county, was burnt. .He alleges, that the lot aforesaid, had been possessed, ever since the sale from Farra, by the persons above mentioned, under their respective purcha ses. He makes Farra a defendant, and prays that he may be compelled to convey or release, if necessary to complainant.
The defendant at a subsequent term, amended his answer, saying, that to remove all difficulty about title, he had procured from the heirs of Amos Farra, deceased, a relinquishment of all claim to said lot to him, and fding with his answer, a paper purporting to be a deed of relinquishment, for it, from several persons, by the name of Farra, and Elizabeth Thompson and Hanna Hammond, as children and heirs of said Farra. To this deed the names of three persons are subscribed as witnesses; but it was not admitted to record.
The defendant again amended his answer, in which }re alleges the death of Amos Farra, and that the persons named in said deed of relinquishment, and whose names were subscribed as parties thereto, were the legal heirs pf said Farra, deceased. He prays that all of them, with the husband of Mrs. Thompson, and the husband of Mrs. Hammond might be compelled to answer those statements. The persons thus named as heirs, with the husbands of Elizabeth and Hannah, answered as such, stating that they had executed the deed as set forth in Dallam’s cross bill.
The depositions of two witnesses only, were taken in the cause. One says, he knew Amos Farra, and that, in a conversation with him, about six or eight years, previously, respecting his being once the owner of the lot, sold by defendant to the complainant, Farra said, he had sold and conveyed it many years since, for a valuable consideration; that Lowman held under his title, and if the deed was lost, he would make another. The reason *199 which induced the witness to apply to Farra, on the subject, was, that Myers claimed it, and he, witness, made the enquiry for Lownian’s benefit, who also claimed it. From all the information the witness had, those claiming under Farra, had been in possession of the lot from this sale to Myers, to that time.
On dissolution of injunction, the amount of damages ought to be ascertained by the decree.-
The other witness stated, that Amos Farra once owned the lot, alluded to by the other, and sold it to Myers, about thirty years since; that it was sold as Myers property, under execution, and purchased at the sheriff’s sale, by David Dodge, and was sold by him to Lowman, by Lowman to Dallam and by bim to complainant. That Farra and those claiming under him, had remained in peaceable possession of it, for more than thirty-five years.
On the hearing of the cause, the circuit court dissolved the injunction, with ten per centum damages on the judgment at' law, and dismissed the bill with costs; to reverse which, Metcalfe prosecutes this writ of error.
The allégation of the bill, that $324, had been paid on the note, on which judgment was recovered, stands undenied by the answer. For that much, the complainant was clearly entitled to a credit. But it does not appear from any thing in the. record, that he has not received such credit. The bill does not allege, that the defendant had refused to allow it; or that he was endeavoring to coerce the payment of the entire amount of the note sued on.
The presumption, therefore, is, that, in that respect, no injustice has been done; and that damages were allowed or; the proper amount, if it was otherwise correct to dissolve the injunction.
The amount of damages, should have been ascertained in the decree, but the commission is not embraced by the assignment of errors.
It is only necessary, therefore, to determine, whether the defendant has exhibited sucha title to the property sold, as Metcalfe ought to he compelled to accept. That Dallam may he able to convey a valid title to the plaintiff lor the lot, is by no means improbable, as it does not appear Hint there is a superior title, in any other person; and it is manilos!, that he has been somewhat *200 negligent in preparing his defence. He seems to have gone upon the supposition, influenced probably, by the . manner in which the bill of Metcalfe was drawn, that the complainant had admitted his ability to convey, if he could be satisfied that the title was not in Farra. In that, however, he labored under an erroneous impression. Metcalfe supposed it probable, that the title was in Farra; but he expressly charges that he, Dallam, was unable to convey a good title, and calls on him, for an exhibition of his title papers.
In suit by ven-dee to rescind contract for want of title in vendor, and calling on him to exhibit his title, vendor must exhibit the deeds and other writings, if there be any by which he derives title. In such case, vendor, if able, must show a paper, not a parol title.
The deed of relinquishment, upon the supposition, that the legal title to the property had descended to Parra’s heirs, is evidently insufficient. As to the heir-ship of the persons who executed that deed, there was no proof at all. Besides, the femme coverte had not relinquished their title, in a manner to be obligatory on them, if indeed they had ever executed the deed, which is not made to appear, except by the deed ahd answer and that sworn to by one of the defendants, only. But the legal title cannot be considered as in A. Farra at his death. Iiis statement that he had made conveyance of it, many years since, and that if necessary, he was willing to re-convey it, connected with the long and uninterrupted possession, under that title, by his vendee and those holding under him, fully wai-rants the presumption that a deed had been made to Myers by Farra. Its destruction by fire, when the office and records of the county court in Fayette were burnt, which is a matter of public notoriety, may not be improbable. , So far, then, Dallam has succeeded in tracing the title. But at that point the claim is broken.
He states in his answer, what it is; but 'his answer stands unsupported by any kind of proof except parol, which is too clea.ly inadmissible to require comment. How was Myers divested of title ? Where is the judgment, execution, and the deed of the officer, conveying it to Dodge, the deed from Dodge to Lowman and from him to Dallam? The witness who proved Farm’s acknowledgement about his conveyance of the lot, assigns as the reason of his application to him, on the subject, that he had heard of a claim to the property, which Myers continued to setup, even after the alleged purchase by Dodge. What has become of that claim, and what is its character? Where is the proof of the *201 legality of the sale, by which it is'alleged, he was divested of his title? Where are the judgment and execution against Myers, the deed made by the sheriff to Dodge; that from him to Lowman, and from the latter to Dallam? On these points, the record furnishes no light.
A valid title, or ability to Convey one, which the defendant has been called upon to prove, if it exists, and which the plaintiff, in' error has expressly charged not. to exist, cannot be presumed in the absence of proof to support it.
A considerable part of the purchase money has been paid,land Dallam makes no response to the allegation in the bill of Metcalfe, with respect to his probable inabib ity to refund, in case he should prove unable to convey. Under such circumstances, it was improper to dissolve the injunction and dismiss the bill absolutely. Yet we are not of opinion, that it would have been proper, considering the period at, and aspect under¿which, this case was presented to the circuit court, to have decreed a rescission of the contract, at that time; norunless upon a more full investigation of the title to the property, it shall appear to be necessary to the attainment of justice.
Metcalfe has enjoyed the undisturbed possession of the property from the time, that he received the possession. The only supposed defect of title, pointed out by him, has been obviated by the proof. He has not alleged, that, at the time of the contract, the defendant induced him to believe he was then able to convey the iegal title. The allegation, that he was unable to convey, seems to have been predicated, on the supposition, that the title was still in Farra, or his heirs. Besides, the period, at which, according to the terms of the contract, the plaintiff had a right to demand a conveyance, had not arrived; nor can Dallam be compelled to make it, until the purchase money is paid or tendered.
But it would be improper to permit the payment of any additional portion of it, to be coerced, until the defendant shall show that he is able to convey a title td the property sold, clear of well founded doubt, as to its validity; and such as a vendee, under such a contract as the one above described, ought to accept. To enable *202 him to do this, a reasonable time should be allowed as in the case of Jackson, &c. vs. Murray, V Mon. 184.
Crittenden and Chinn, for plaintiff; Wickliffe and Wooley, for defendant.
' The decree of the circuit court must be reversed and cause remanded, with directions that Dallam shall be allowed a reasonable time, to show his ability to convey a clear and valid title to the plaintiff for the property sold. If he fail to exhibit such proof, the contract must be rescinded. Should he succeed in producing satisfactory evidence, that he can convey such title, a decree should be entered, dissolving the injunction and directing him do so, upon the payment of such part of the purchase money as may remain unpaid.
Such other and further proceedings may be had as may be deemed necessary to attain justice, which shall not be inconsistent with this opinion. ■